UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCHEL BRAVO PEREZ,

Petitioner,

v.                                              Case No.:  2:26-cv-00678-SPC-DNF

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

Respondents,

_____/

## OPINION AND ORDER

Before the Court are Franchel Bravo Perez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).  For the below reasons, the Court grants the petition.

Bravo Perez is a native and citizen of Cuba who was paroled into the United States on September 1, 2024.  He has a pending application for adjustment of status under the Cuban Adjustment Act.  On February 20, 2026, Fort Myers police arrested Bravo Perez following an incident with his same-sex domestic partner.  The partner withdrew the complaint, Bravo Perez's counsel confirmed there were no immigration holds or detainers, and his family posted a bond.  But rather than release Bravo Perez, the jail continued to detain him until ICE assumed custody.  He is currently detained at Glades

County Detention Center without an opportunity to seek release on bond. He has no prior criminal history.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Bravo Perez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Bravo Perez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners

in those cases, Bravo Perez's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Bravo Perez has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). [1]

The Court will thus order the respondents to either bring Bravo Perez before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Bravo Perez's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  But, to

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA.  The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive.  And a circuit split is likely.  In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

be clear, subjecting Bravo Perez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Bravo Perez receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Franchel Bravo Perez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Bravo Perez for an individualized bond hearing before an immigration judge or (2) release Bravo Perez under reasonable conditions of supervision. If the respondents release Bravo Perez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4